IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JENNIFER E. MCDOWELL, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-4404 |
| | : | |
| JUDGE EDUARDO C. ROBRENO, | : | |
|     Defendant. | : | |

**MEMORANDUM OPINION**

**GOLDBERG, J.**                                                                                       **DECEMBER 7, 2022**

This matter comes before the Court by way of a pro se Complaint, filed by Plaintiff Jennifer E. McDowell against United States District Judge Eduardo C. Robreno based on how Judge Robreno handled cases filed by McDowell in this Court. (ECF No. 2.) Also before the Court are McDowell's Motion to Proceed In Forma Pauperis and Motion to Appoint Counsel. (ECF Nos. 1 & 3). For the following reasons, I will grant McDowell leave to proceed in forma pauperis, dismiss her Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and deny her Motion to Appoint Counsel as moot.

**I.      FACTUAL ALLEGATIONS**[1]

Beginning in October 2021, McDowell filed a series of lawsuits against Pennsylvania's Department of Human Services ("DHS"), its employees, and others, based on allegations that they were involved in a broad conspiracy to harass her and destroy her life in connection with a DHS investigation against her. See McDowell v. Dep't of Human Servs., Nos. 21-4756, 22-cv-667, 22-cv-1147 (E.D. Pa.); see also McDowell v. Dep't of Hum. Servs., No. 22-cv-1147, 2022 WL

---

[1] The facts set forth in this Memorandum are taken from the Complaint. I also take judicial notice of prior lawsuits that McDowell filed in this Court. See Buck v. Hampton Twp., 452 F.3d 256, 260 (3d Cir. 2006).

970853, at *1-3 (E.D. Pa. Mar. 31, 2022) (detailing McDowell's filing history). Judge Robreno was assigned to McDowell's cases and ultimately dismissed all three of them upon screening McDowell's complaints pursuant to 28 U.S.C. § 1915(e)(2)(B). See McDowell, 2022 WL 970853, at *1-3. Relevant here, Judge Robreno dismissed McDowell's most recently filed case, Number 22-cv-1147, as barred by claim preclusion in light of the dismissal of her two previously-filed cases about the same subject matter. Id. at *4. McDowell filed an ambiguous document, which was docketed as a notice of appeal, but McDowell later expressed that she did not intend to appeal and her appeal was dismissed. McDowell v. Dep't of Human Servs., Civ. A. No. 22-1147 (E.D. Pa.) (ECF Nos. 9-15).

The allegations in McDowell's current Complaint are sparse. She brings claims against Judge Robreno based on "Civil Action No. 22-cv-1147." (Compl. at 3.) McDowell alleges that her constitutional rights were violated by the "denial of petition against the Department of Human Services child welfare investigation destroying [her] quality of life." (Id. at 2.) For relief, McDowell seeks an unspecified injunction and restraining order. (Id. at 4.)

## II.     STANDARD OF REVIEW

I will grant McDowell leave to proceed in forma pauperis because it appears that she is unable to pay the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) requires that I dismiss the Complaint if, among other things, it is frivolous. A complaint is subject to dismissal under § 1915(e)(2)(B)(i) as frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint is legally baseless if it is "based on an indisputably meritless legal theory," Deutsch v. United States, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly

incredible." Denton v. Hernandez, 504 U.S. 25, 33 (1992). Because McDowell is proceeding pro se, I will construe her allegations liberally. Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).

**III.   DISCUSSION**

I will dismiss McDowell's Complaint as legally baseless. "The structure of the federal courts does not allow one judge of a district court to rule directly on the legality of another district judge's judicial acts . . . ." Smith v. Meyers, 843 F. Supp. 2d 499, 505 (D. Del. 2012). To the extent McDowell sought review of Judge Robreno's dismissal of her claims, she had the option of filing a notice of appeal to the United States Court of Appeals for the Third Circuit. The fact that she declined to pursue an appeal does not entitle her to bring a separate civil action for review of Civil Action Number 22-1147. See Carter v. All Dist. Fed. Judges, 415 F. App'x 363, 365 (3d Cir. 2011) (per curiam) ("To the extent [plaintiff's] allegations reflect her disagreement with the resolution of her previous cases, the proper vehicle for raising such a challenge is to file an appeal in those cases, not bring a new action.").

Additionally, judges are entitled to absolute immunity from civil lawsuits based on acts or omissions taken in their judicial capacity so long as they do not act in the complete absence of all jurisdiction. See Stump v. Sparkman, 435 U.S. 349, 355-56 (1978); Harvey v. Loftus, 505 F. App'x 87, 90 (3d Cir. 2012) (per curiam); Azubuko v. Royal, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." Gallas v. Supreme Ct. of Pa., 211 F.3d 760, 768 (3d Cir. 2000). Since it is apparent that McDowell's claims are based on Judge Robreno's handling of Civil Action Number 22-1147, to which he was assigned, Judge Robreno is entitled to absolute judicial immunity from McDowell's claims. See Martinez v. United States, 838 F. App'x 662, 664 (3d Cir. 2020) (per curiam) ("We have suggested that federal judges may be immune to claims for injunctive relief, and, in any event,

the prior judicial decisions that Martinez complains about either were or could have been the subject of appellate review." (internal citations omitted)); Soto v. Sleet, 458 F. App'x 89, 90 (3d Cir. 2012) (per curiam) (finding that the district court properly dismissed claims by a pro se litigant brought against federal district judge as legally frivolous on the basis of judicial immunity where the judge acted in the course of ruling on a motion to vacate, set aside, or correct his criminal sentence pursuant to 28 U.S.C. § 2255); Aruanno v. Cavanaugh, 460 F. App'x 82, 83 (3d Cir. 2012) (per curiam) (claims against federal judge subject to absolute judicial immunity where plaintiff "did not demonstrate any basis for granting injunctive relief"); see also Carter, 415 F. App'x at 364-65 (affirming dismissal of pro se litigant's claims against "'All District Federal Judges'" on the basis that they consisted of merely vague and conclusory accusations and did not include facts to establish that her claims fall within the narrow exceptions to judicial immunity).

### IV. CONCLUSION

For the foregoing reasons, I will grant McDowell leave to proceed in forma pauperis and dismiss her Complaint with prejudice as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). As the Complaint is frivolous and the defects are incurable, McDowell will not be given leave to amend. Her unsigned, incomplete Motion to Appoint Counsel will be denied as moot. An appropriate Order follows.